MOTION PICTURE PATENTS CO. v. YANKEE FILM CO.

SAME v. STEINER et al.

(District Court, S. D. New York. January 8, 1912.)

1. ATTORNEY AND CLIENT (§ 24*)—UNREASONABLE MULTIPLICATION OF PROCEEDINGS—LIABILITY FOR "COSTS."

In Rev. St. § 982 (U. S. Comp. St. 1901, p. 706), which provides that if any attorney in a federal court "appears to have multiplied the proceedings in any cause before such court, so as to increase costs unreasonably and vexatiously, he shall be required by order of the court to satisfy any excess of costs so increased," the word "costs" includes expenses and taxable disbursements.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 24.*

For other definitions, see Words and Phrases, vol. 2, pp. 1633–1640; vol. 8, p. 7620.]

2. ATTORNEY AND CLIENT (§ 24*)—UNREASONABLE "MULTIPLICATION OF PROCEEDINGS."

The continuation of a pending suit for infringement of a patent, and the taking of testimony therein by complainant after it has filed a petition for a reissue on the ground of the invalidity of the patent in suit, constitutes a "multiplication of proceedings," so as to unreasonably and vexatiously increase the costs, within the meaning of Rev. St. § 982 (U. S. Comp. St. 1901, p. 706), and on a dismissal of the suit after the granting of a reissue defendant is entitled thereunder to a special allowance commensurate with the expense occasioned thereby.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 24.*]

In Equity. Suits by the Motion Picture Patents Company against the Yankee Film Company and against William Steiner and others. On motions by complainant to dismiss, and by defendants for a special allowance of costs and expenses. Motions granted.

These two actions in equity were brought upon patents concerning the validity of which complainant itself apparently felt increasing doubt as the causes progressed. After joinder of issue, therefore, a petition for reissue of the patent was filed in the Patent Office and the patent itself proffered for surrender. No information of this fact was given defendant. Complainant took some testimony and pressed at least one motion after petition for reissue filed. Some six months after the filing of petition a reissue was granted, and the official publication of reissue was the first information in the premises furnished defendant. Thereupon these motions were made.

Mr. Davis, for the motions.

Mr. Small, opposed.

HOUGH, District Judge (after stating the facts as above). The motions to dismiss, not being opposed, are, of course, granted. While it is true that an action on an actually surrendered patent falls with

the surrender, it is not, in my opinion, true (nor is it, indeed, asserted) that an action upon a patent abates the moment a petition for a reissue is filed. It may be, as stated by counsel for defendants, that the application for reissue will not be granted, in which case the patentee must go on with his pending suit as best he can. His right so to proceed with the pending suit may be doubtful, but it is at least an open question whether he could not do it. Nevertheless it is in my judgment very improper for one who has deliberately made the attempt to surrender his patent, to proceed with a suit after he seeks by his own petition to abandon it. At the least, he ought not to multiply expenses while doing his best to destroy his own patent, even if he expects a reincarnation by a reissue.

[1] These cases, therefore, in my judgment, furnish an opportunity for applying section 982, Rev. Stat. U. S. (U. S. Comp. St. 1901, p. 706), if in that enactment the word "costs" is to be construed as including expenses. While without authority on this point, I think the statute should be so construed, for it does not speak of *multiplying causes,* but of multiplying "proceedings in any cause." Under the present statute regarding fees and costs, it is difficult to perceive how costs eo nomine can be multiplied "in any cause"; but expenses and taxable disbursements can be so multiplied with ease.

[2] In this case I think such multiplication took place, and occurred unreasonably and vexatiously, by reason of the taking of testimony after petition for reissue filed. The amount of annoyance and expenses caused thereby (so far as shown by these papers) does not warrant any such allowance or measurement as is asked for by defendants.

The bills will be dismissed, and the excess of costs (i. e., expenses) in each case fixed at $150.